UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LAURA D. BRANNAN,

        Plaintiff,

        v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

Civil No. 07-332-HA

OPINION AND ORDER

HAGGERTY, Chief Judge:

        Plaintiff Laura Brannan seeks judicial review of a final decision by defendant Commissioner denying, in part, plaintiff's application for disability insurance benefits (DIB). This court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision is affirmed.

1- OPINION AND ORDER

**STANDARDS**

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits because of disability. 20 C.F.R. §§ 404.1520, 416.920; *see also Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).

First, the Commissioner determines whether the claimant is engaged in SGA. If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to a second step and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe." 20 C.F.R. § 404.1520(a). If the claimant lacks this kind of impairment, disability benefits are denied. 20 C.F.R. § 404.1520(c).

If at least some of the claimant's impairments are severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one or more impairments that the Commissioner has recognized to be so severe that they are presumed to preclude SGA. *See* 20 C.F.R. § 404.1520(d). These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments or the Listings). The Listings describe, for each major body system, impairments which qualify as severe enough to be construed as *per se* disabling. 20 C.F.R. §§ 404.1525, 416.925; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). The claimant has the burden of producing medical evidence that establishes all of the requisite medical findings. *Burch v.*

*Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005); *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairments are not presumed to be disabling, the Commissioner determines the claimant's residual functional capacity (RFC). A person's RFC is the most an individual could do in a work setting despite the total limiting effects of all the claimant's impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); Social Security Ruling (SSR) 96-8p.

The Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied. *See* 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof at steps one through four. Accordingly, the claimant bears the initial burden of establishing his or her disability.

However, at the fifth step, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her RFC, age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act. 20 C.F.R. § 404.1520(f)(1). If the Commissioner

3- OPINION AND ORDER

meets this burden, the claimant must be deemed not disabled for purposes of determining benefits eligibility. 20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997). The Commissioner's denial of benefits is upheld even if the evidence is susceptible to more than one rational interpretation, as long as one of the interpretations supports the decision of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002); *Andrews*, 53 F.3d at 1039-40.

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances in which the evidence would support either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998).

## BACKGROUND

The relevant background has been presented thoroughly by the parties and in the ALJ's decision. Plaintiff was fifty-one years old at the time the ALJ rendered the decision. She alleged that her disability began on May 29, 2001, due to worsening depression and anxiety caused by job loss and familial problems.

4- OPINION AND ORDER

Plaintiff applied for DIB on August 3, 2001. This application was denied initially and upon reconsideration. A first hearing, with plaintiff represented by counsel, was held before an Administrative Law Judge (ALJ) on December 22, 2003. On August 18, 2004, the ALJ held a second hearing and heard testimony from plaintiff's son John Brannan and vocational expert (VE) Susan Burkett. On January 13, 2005, the ALJ issued a partially favorable decision, determining that plaintiff was disabled between May 29, 2001, and December 1, 2003. This decision became the Commissioner's final decision upon the Appeals Council's denial of review. *See* 20 C.F.R. §§ 404.981, 416.1481, 422.210. Plaintiff seeks judicial review of this decision.

Specific medical facts and background will be addressed as required by the parties' legal arguments.

## SUMMARY OF THE ALJ'S FINDINGS

At Step One of the five-step analysis used by the Commissioner, the ALJ found that plaintiff has not engaged in SGA since the alleged onset of her disability. Transcript of Record (hereinafter "Tr.") 37.

At Step Two, the ALJ found that plaintiff had severe impairments, including a history of bladder cancer, urinary incontinence, obesity, lower back pain, osteoarthritis of the lumbar spine, panic and depressive disorders, sleep apnea, and a history of substance abuse. Tr. 38.

At Step Three, the ALJ found that plaintiff's impairments, individually and in combination, did not meet or equal the requirements of a listed impairment. Tr. 40.

At Steps Four and Five, the ALJ found that plaintiff had been disabled between May 29, 2001 and December 1, 2003. Tr. 41. The ALJ determined that, during this period, plaintiff retained the RFC (RFC 1) to perform a modified range of light to medium exertion work activity

in close proximity to restroom facilities. *Id*. In addition, plaintiff could be expected to miss more than two days of work per month. *Id.* Based on RFC 1 and VE testimony, the ALJ concluded that plaintiff could not perform either past relevant work or other jobs existing in substantial numbers in the national economy. *Id*.

For the period after December 1, 2003, however, the ALJ found that plaintiff was not disabled. Tr. 42. The ALJ determined that, during this period, plaintiff retained the RFC (RFC 2) to perform a modified range of light to medium exertion work activity in close proximity to restroom facilities. The ALJ implicitly found that plaintiff could not perform her past relevant work. Tr. 44. Based on RFC 2 and VE testimony, however, the ALJ concluded that plaintiff could perform jobs existing in substantial numbers in the national economy. *Id.* These jobs include laundry folder, small parts assembler, and semi-conductor assembler. *Id.*

## DISCUSSION

Plaintiff contends that this court should reverse the Commissioner's final decision and remand for payment of benefits because: (1) new evidence submitted to the Appeals Council supports overturning the ALJ's decision; (2) the ALJ did not consider plaintiff's combination of impairments at Step Three; (3) the ALJ improperly discounted plaintiff's allegations of disabling mental and physical impairments; (4) the ALJ improperly treated the lay testimony of Heidi Feigenbaum; and (5) the ALJ erroneously found that plaintiff retains the RFC to perform jobs existing in significant numbers in the national economy.

### 1. New Evidence Submitted to the Appeals Council

Following the ALJ's decision, plaintiff submitted additional medical evidence from Drs. Benikova, McGreevey, and Zook. Tr. 10. Plaintiff also submitted additional lay evidence from

Heidi Feigenbaum, a therapist. *Id.* Many of plaintiff's assertions of error are based upon this evidence, which was presented for the first time to the Appeals Council after the ALJ's decision.

In reviewing the ALJ's determination, "[t]he Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b). If the claimant submits new evidence "which does not relate to the period on or before the date of the administrative law judge hearing decision, the Appeals Council will return the additional evidence to [claimants] with an explanation as to why it did not accept the additional evidence and will advise [claimants] of [their] right to file a new application." 20 C.F.R. § 404.976(b)(1).

Here, the Appeals Council did not specifically discount plaintiff's additional evidence as unrelated to the period on or before the date of the ALJ's decision. Tr. 7-8. Having considered both the additional evidence and plaintiff's assertions of error, the Appeals Council concluded "that this information does not provide a basis for changing the Administrative Law Judge's decision." Tr. 8. In doing so, however, the Appeals Council included the additional evidence in the record.

Plaintiff argues that, by incorporating the additional evidence into the record and not returning it to plaintiff, the Appeals Council effectively conceded that the additional evidence relates back to the period before the ALJ's decision. Plaintiff contends that defendant is precluded from now asserting that this "post hearing evidence does not relate back or is immaterial." Pl.'s Opening Br. at 3.

7- OPINION AND ORDER

The court notes that the regulations are not a model of clarity. "However, it is the Social Security Act and not the regulations that governs the standards for judicial review." *Matthews v. Apfel*, 239 F.3d 589, 594 (3rd Cir. 2001).

The court's authority is provided by 42 U.S.C. § 405(g), which states that a "final decision of the Commissioner of Social Security" may be reviewed in the district courts. Sentence six of § 405(g) states that a court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ."

On appeal, courts should consider both the ALJ's decision and the additional materials submitted to the Appeals Council. *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir 1993). However, a decision of the Appeals Council to deny review is not subject to judicial review. 20 C.F.R. §§ 404.981, 416.1481; *see also Russell v. Bowen,* 856 F.2d 81, 83-84 (9th Cir. 1988). "Remand for consideration of new evidence is appropriate if a claimant presents evidence that is material to determining disability, and there is good cause for the failure to produce the evidence earlier." *Wainwright v. Sec'y of Health & Human Servs.*, 939 F.2d 680, 682 (9th Cir.1991). Although the Appeals Council included the additional evidence in the record, this court must independently determine if the evidence is "material" and that there was "good cause" for claimant not producing it earlier. *See Matthews*, 239 F.3d at 594 (concluding that the claimant must show "good cause why such new and material evidence was not presented to the ALJ" because a Social Security regulation "only concerns the record for purposes of administrative decisionmaking, i.e., what the Appeals Council may consider."); *Perkins v. Chater*, 107 F.3d

1290, 1294 (7th Cir. 1997) (concluding that additional evidence did not justify a remand, even though it was treated as "new" and "material" by the Appeals Council); *Martinez v. Barnhart*, 444 F.3d 1201, 1207-1208 (10th Cir. 2006) (holding that additional evidence was not material, even though it had been included by the Appeals Council in the record).

      **a.**     **Materiality**

To determine whether the new evidence is material, the "new or additional evidence offered must bear directly and substantially on the matter in dispute." *Ward v. Schweiker*, 686 F.2d 762, 764 (9th Cir. 1982). Furthermore, there must be a "reasonable possibility" that the new evidence would have changed the outcome of the ALJ's determination. *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380-81 (9th Cir. 1984). To create a reasonable possibility of a different outcome, the new evidence must pertain to a medical condition that existed before the ALJ's decision. *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001).

In determining plaintiff's eligibility for disability benefits, the ALJ considered the period between May 29, 2001, and January 13, 2005. On appeal, plaintiff objects to the ALJ's determination that she was not disabled between December 1, 2003 and January 13, 2005.

Plaintiff began seeing Dr. Benikova in late-December 2004. As plaintiff accurately notes, Dr. Benikova "has been concerned with [plaintiff's] abdominal pain and lumbar pain." Pl.'s Opening Br. at 11. Plaintiff, however, did not report back pain to Dr. Benikova until mid-September 2005. More importantly, Dr. Benikova provided a disability onset date of September 14, 2005, nine months after the ALJ's final decision.

Although Dr. Benikova's opinion does relate back to the period under review, it would not have changed the outcome of the ALJ's determination. The ALJ was aware that plaintiff

9- OPINION AND ORDER

experienced back pain, but concluded that her back problems were not disabling as of January 2005. This conclusion is supported by Dr. Benikova's opinion that plaintiff's back pain only became disabling in September 2005, nine months after the ALJ's decision. Because this additional evidence does not undermine the ALJ's reasoning, the court concludes that it is not material and does not warrant remand.

The medical treatment by Drs. McGreevey and Zook does not relate back to the challenged period. Tr. 1037-1045. On March 21, 2005, Dr. McGreevey performed a ventral hernia repair on plaintiff. Dr. McGreevey noted that plaintiff had reported "severe pain in her abdomen which had been present over a three day period." Tr. 1039. Plaintiff subsequently needed a second procedure, performed by Dr. Zook, due to a fall after surgery. Plaintiff concedes that the hernia was a "new condition," but maintains that abdominal pain already existed during the challenged period. Pl.'s Reply Br. at 4. The court concludes that as a "new condition," neither surgery is relevant to the period under review by the ALJ. Therefore, this evidence is not material.

Additional records from Dr. Tai, plaintiff's treating physician, support the ALJ's determination that "there has been medical improvement of the claimant's impairment since December 1, 2003." Tr. 42. Dr. Tai assigned plaintiff a Global Assessment of Function (GAF) score of fifty-three on November 17, 2003. Between December 1, 2003 and April 1, 2004, however, Dr. Tai assigned GAF scores between fifty-nine and sixty-seven to plaintiff. The ALJ, specifically relying on these improved GAF scores, concluded that plaintiff's medical condition improved beginning December 1, 2003.

On appeal, plaintiff introduced additional treatment records and progress notes from Dr. Tai. Between April 29, 2004 and September 23, 2005, however, Dr. Tai assigned GAF scores between sixty and sixty-eight to plaintiff. Thus, the additional evidence does not contradict the ALJ's finding that plaintiff experienced medical improvement after December 1, 2003.

Plaintiff has also submitted additional documents from Heidi Feigenbaum, plaintiff's therapist. The court has reviewed these documents and concludes there is no reasonable possibility they would have changed the ALJ's determination. Although Ms. Feigenbaum's treatment notes indicate that plaintiff was "stressed" and "anxious," there is no assessment of limitation. Tr. 983. Even if the documents are construed to support a finding of disability, they are inconsistent with the opinions of Dr. Tai, plaintiff's treating physician. As indicated above, between December 1, 2003 and September 23, 2005, Dr. Tai assigned GAF scores between fifty-nine and sixty-eight to plaintiff. Lay statements are properly rejected when inconsistent with acceptable medical source opinions. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). Thus, the additional evidence from Ms. Feigenbaum does not undermine the ALJ's findings and is not material.

    **b. Good Cause**

"To demonstrate good cause, the claimant must demonstrate that the new evidence was unavailable earlier." *Mayes*, 276 F.3d at 463. However, "[i]f new information surfaces after the Secretary's final decision and the claimant could not have obtained that evidence at the time of the administrative proceeding, the good cause requirement is satisfied." *Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985). Good cause has been found in a variety of situations. *See Wainwright v. Sec'y of Health and Human Servs.*, 939 F.2d 680, 683 (9th Cir. 1991) (excusing

claimant's failure to introduce MRI scan because it was available "only due to an improvement in technology."); *Booz v. Sec'y of Health and Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984) (good cause shown where claimant "was a man of limited financial means and was apparently unable to find a qualified medical specialist to review his records within the time allotted by the ALJ."); *Roe v. Shalala*, No. C-94-0272, 1995 WL 27530, at *4-5 (N.D. Cal. Jan. 20, 1995) (finding good cause for failure to introduce evidence because claimant had mental impairments and was unrepresented by counsel at the administrative proceedings); *compare Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 512 (9th Cir. 1987) (good cause not shown because claimant was represented by an attorney who was "aware of Sanchez's memory loss at the time of the hearing.").

Plaintiff has not demonstrated good cause for failing to introduce some of the additional evidence. Portions of the new evidence, including Dr. Tai's treatment notes, pre-date the ALJ's decision. Plaintiff has not shown that this evidence was unavailable; consequently, it should have been provided to the ALJ.

Much of the new evidence, however, post-dates the ALJ's decision. As discussed above, there is medical evidence that plaintiff's ventral hernia and disabling abdominal and lumbar pain only developed after January 13, 2005. Because this evidence is not material, the good cause inquiry is unnecessary.

### 2. Step Three Analysis

Plaintiff contends that the ALJ failed to determine whether plaintiff's combined conditions meet or equal a listed impairment. Specifically, plaintiff asserts that the ALJ improperly addressed how plaintiff's obesity interacted with her other impairments.

The ALJ recognized that plaintiff's obesity was a severe impairment. Tr. 45, Finding 3. The ALJ acknowledged that plaintiff's obesity exacerbated her lower back pain and was a primary cause of her urinary leakage. Tr. 38-39. Furthermore, the ALJ's RFC accounted for these interactions by limiting plaintiff to light to moderate work performed in close proximity to bathroom facilities. Tr. 46, Finding 10. However, the ALJ found that plaintiff did not have a combination of impairments that equaled a listed impairment. Tr. 45, Finding 4.

The court concludes there is little merit to plaintiff's argument. The ALJ addressed the effects of obesity, including its interaction with other impairments, and specifically accounted for these effects in constructing plaintiff's RFC. The ALJ did not err in determining that plaintiff's combined conditions did not meet or equal a listed impairment.

### 3. Plaintiff's Testimony

Plaintiff asserts that the ALJ erred in evaluating her testimony. If an ALJ finds that a claimant's testimony relating to limitations is unreliable, the ALJ must make a credibility determination citing the reasons why that testimony is unpersuasive. *See Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). The ALJ must specifically identify what testimony is credible and what evidence undermines the claimant's credibility. *See Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The Ninth Circuit set out a threshold test in *Cotton v. Bowen* to assist the ALJ in deciding whether to accept a claimant's subjective symptom testimony. 799 F.2d 1403 (9th Cir. 1986). Under the *Cotton* test, a claimant who alleges disability based on subjective symptoms must satisfy two standards. First, the claimant "must produce objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Bunnell*, 947 F.2d at 344 (quoting 42 U.S.C. § 423(d)(5)(A)); *see also Cotton*, 799 F.2d at 1407. Second, he or she must show that the impairment or combination of impairments could reasonably be expected to (not necessarily that it did) produce some degree of symptom. This means that the claimant need not produce objective medical evidence of the *symptom*, or the severity thereof. *Smolen*, 80 F.3d at 1282.

If the claimant produces evidence that meets the *Cotton* test, and there is no evidence of malingering, then the ALJ can reject the claimant's testimony about the severity of symptoms only after offering specific, clear and convincing reasons for doing so. *See Dodrill*, 12 F.3d at 918.

"The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion." *Smolen*, 80 F.3d at 1284 (citation omitted). In determining that subjective testimony is not credible, the ALJ may rely on:

> (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities.

*Id*. (citations and footnote omitted). Additional factors relevant to the ALJ's credibility determination include: the location, duration, frequency, and intensity of his or her symptoms;

14- OPINION AND ORDER

precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication; treatment, other than medication; measures used to relieve symptoms; and functional limitations caused by the symptoms. *Id.* at 1284; 20 C.F.R. § 404.1529(c)(3). The ALJ may consider medical evidence tending to discount the severity of subjective claims. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

In sum, if the plaintiff has met the burden of showing that his or her impairment or combination of impairments *could reasonably be expected to* produce some degree of the symptoms plaintiff's testimony describes, and there is no evidence suggesting that the plaintiff is malingering, the ALJ may not reject testimony regarding the severity of plaintiff's symptoms unless there are clear and convincing reasons for doing so. 80 F.3d at 1283; *see also Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004).

In this case, the ALJ referred to clear and convincing evidence in the record to support the partial rejection of plaintiff's testimony about her limitations. The ALJ examined the relevant medical reports extensively before concluding that plaintiff's testimony regarding the impact of her impairments was only partially supported by the medical evidence. The ALJ acknowledged that plaintiff had severe impairments involving depressive and panic disorders, but concluded that plaintiff's condition improved beginning December 1, 2003. This conclusion was supported by medical evidence, including Dr. Tai's GAF scores ranging from fifty-nine to sixty-seven during the period from December 1, 2003, through April 1, 2004.

An ALJ may also consider a claimant's activities of daily living when assessing his or her credibility. *See Thomas*, 278 F.3d at 958-59. Here, the ALJ found that plaintiff understated her activity level at home, testifying that she rests for a large part of the day and performs few

15- OPINION AND ORDER

household chores. The ALJ pointed to the testimony of plaintiff's son, who reported that "she is not inactive during the day and typically spends eight to ten hours per day on the computer communicating in chat rooms and playing games with others." Tr. 43. The ALJ also noted that plaintiff was able to care for her disabled son and her disabled spouse.

Based on these factors, the ALJ satisfied its obligation to provide clear and convincing reasons for rejecting plaintiff's testimony.

### 4. Testimony of Heidi Feigenbaum

Plaintiff argues that the ALJ "disdained Feigenaum's credentials without considering the Commissioner's criteria for weighing her evidence." Pl.'s Opening Br. at 20. Although a therapist is not an "acceptable medical source," their opinion is entitled to consideration as an "other source." 20 C.F.R. § 404.1513(d)(1), SSR 06-03p. Under Social Security regulations, the adjudicator of a disability claim must consider the opinions of other medical sources and "generally should explain the weight given to [such] opinions . . . or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." SSR 06-03p. Like an "acceptable medical source," the opinion of an "other source" like Feigenbaum is assessed using several factors. 20 C.F.R. § 404.1527(d) (listing the factors for evaluating opinions from "acceptable medical sources"), SSR 06-03p (applying those same standards to opinion evidence from "other sources"). These include the length of the relationship, frequency of treatment, how consistent the opinion is with other evidence, and any other relevant factors.

bar
16- OPINION AND ORDER

The ALJ provided sufficient reasons for rejecting the opinion of Feigenbaum. The only evidence that was before the ALJ was an August 7, 2004, letter in which Feigenbaum opined that plaintiff was "unable to 'participate in a structured environment.'" Tr. 43. The ALJ rejected this opinion for several reasons, including its inconsistency with the opinion of Dr. Starbird and the GAF scores assigned by Dr. Tai. Tr. 43-44. The court concludes that the ALJ properly assessed the opinion of Feigenbaum.

### 5. Residual Functional Capacity

Plaintiff asserts that the "ALJ has disregarded improperly many limitations and has relied, therefore, on an invalid RFC." Pl.'s Opening Br. at 21. Having reviewed the ALJ's decision and the entire record, the court concludes that the ALJ properly considered and discussed all of the evidence. Plaintiff's assertion that the ALJ improperly disregarded many limitations is without merit. Accordingly, this court finds that the ALJ's conclusion that plaintiff can perform a significant number of jobs in the national economy was based on substantial evidence in the record and shall not be disturbed.

**CONCLUSION**

Based on the foregoing, the findings of the Commissioner are based upon the correct legal standards and are supported by substantial evidence in the record. The final decision of the Commissioner partially denying plaintiff Laura Brannan's application for benefits is AFFIRMED.

IT IS SO ORDERED.

DATED this ___24___ day of September, 2008.

                                               /s/ ANCER L. HAGGERTY
                                                   ANCER L. HAGGERTY
                                               United States District Judge